JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Talley, Aundrello

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cohen & Riechelson - Kevin Riechelson, Esquire
3500 Quakerbridge Road, Suite 203
Hamilton, NJ 08619 (609-394-8585)

## DEFENDANTS

State Farm

County of Residence of First Listed Defendant: McLean
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. Section 1332

Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE ____________ DOCKET NUMBER ____________

DATE: Oct 5, 2026

SIGNATURE OF ATTORNEY OF RECORD: Kevin Riechelson

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Darrah Lane East, in Lawrence Township, New Jersey

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:_________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________________

**B. *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☒ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):________________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*____________________________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COHEN & RIECHELSON
BY: Kevin S. Riechelson
I.D.#: 58960
3500 Quakerbridge Road, Suite 203
Hamilton, NJ 08619
609-394-8585 (P)
609-394-8620 (F)
kriecheslon@crlawoffices.com

| | |
|---|---|
| AUNDRELLO TALLEY<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM<br><br>Defendant | **CASE NUMBER:**<br><br>**DEMAND FOR A JURY TRIAL** |

**<u>COMPLAINT</u>**

Plaintiff, Aundrello Talley, by and through her attorneys, Cohen & Riechelson, by way of Complaint against the Defendant, State Farm, sets forth the following:

**<u>PARTIES</u>**

1. Plaintiff, Aundrello Talley, is an adult individual who resides at 430 W Palmer Street, Morrisville, PA 19067.
2. Defendant, State Farm, is an insurance corporation with a principal place of business at One State Farm Plaza, Bloomington, IL 61710.

## JURISDICTION AND VENUE

3. Plaintiff brings this Complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. While the contractual limit of the Underinsured Motorist (UIM) coverage is $50,000.00, the addition of statutory bad faith remedies under 42 Pa.C.S.A. § 8371—including interest, attorney's fees, and punitive damages—pushes the total amount in controversy above $75,000.00.

5. The total amount in controversy seeks money damages of less than $150,000.00, exclusive of interest and costs, making this action eligible for the Compulsory Arbitration Program of this Court pursuant to Local Civil Rule 53.2.

6. This Court has jurisdiction over Defendant as the events that are the subject of Plaintiff's Complaint occurred within this district.

7. Venue is properly within the United States District Court for the Eastern District of Pennsylvania in that the accident, injury, and damages complained of occurred in the Eastern District.

## BACKGROUND

8. On or about September 14, 2020, Plaintiff, Aundrello Talley, was operating her motor vehicle on Darrah Lane East, in Lawrence Township, New Jersey, and drove past 20 Darrah Lane East.

9. At the same time, underlying tortfeasor Francis Gaffney was operating his vehicle and exiting from the driveway at 20 Darrah Lane East, and suddenly, without warning, struck the passenger's side of Plaintiff's vehicle.

10. As a result of Gaffney's sudden and unexpected collision with Plaintiff's vehicle, Plaintiff suffered severe injuries to her back, shoulders, arms, and wrists, the damages from which far exceed the tortfeasor's available insurance limits.
11. Gaffney's actions were the direct and proximate cause of Plaintiff's injuries.
12. At the time of the accident, the underlying tortfeasor, Francis Gaffney, had an insurance policy with GEICO, which provided him with a liability limit of $15,000.00.
13. Plaintiff recovered the full policy limit of $15,000.00 from GEICO, with the advance written consent and exhaustion approval of Defendant, State Farm.
14. Underlying tortfeasor Gaffney qualifies as an underinsured motorist as defined by Plaintiff's policy with State Farm and applicable Pennsylvania law.
15. At all times relevant hereto, Plaintiff was an insured under an automobile policy issued by Defendant, State Farm, providing first-party Underinsured Motorist (UIM) coverage.
16. Plaintiff supplied Defendant with comprehensive documentation of her injuries, including all relevant medical records, diagnostic imaging reports, treatment bills, and proof of ongoing disability, conclusively proving that her actual damages far exceed the $15,000.00 tortfeasor as well as the $15,000 UIM policy limits of $50,000 .
17. Despite clear, objective, and uncontroverted medical evidence demonstrating that Plaintiff's damages dwarf the combined available insurance coverage, Defendant has failed and refused to pay the $50,000.00 UIM coverage limit or to make a reasonable offer.

**COUNT I – BREACH OF CONTRACT (UIM)**

20. Plaintiff incorporates by reference the preceding paragraphs as fully as though the same were set forth herein at length.

21. Plaintiff entered into a valid contract of insurance with Defendant, State Farm, and paid all required premiums to maintain UIM benefits.

22. Defendant contracted to pay UIM benefits to Plaintiff for bodily injuries sustained in an accident caused by an underinsured motorist.

23. Plaintiff has complied with all terms, conditions, and duties imposed upon her by the contract of insurance.

24. Defendant has breached its contract of insurance with Plaintiff by failing and refusing to pay the $50,000.00 in first-party UIM benefits to which Plaintiff is justly entitled, and/or to make a reasonable offer to settle her claim.

25. As a direct and proximate result of Defendant's breach, Plaintiff has suffered contractual and compensatory damages.

**WHEREFORE**, Plaintiff, Aundrello Talley, demands judgment against Defendant, State Farm, for contractual damages, compensatory damages, costs, interest, and all other relief this Court deems just.

## <u>COUNT II – STATUTORY BAD FAITH (42 Pa.C.S.A. § 8371)</u>

26. Plaintiff incorporates by reference the preceding paragraphs as fully as though the same were set forth herein at length.

27. A duty of good faith and fair dealing is implicit in Plaintiff's contract of insurance with Defendant, and at all times relevant hereto, Defendant was under a legal and statutory duty under 42 Pa.C.S.A. § 8371 to act in a fiduciary duty and in good faith, to protect and safeguard the rights and interests of its insured.

28. In contravention thereof, in failing and refusing to satisfy Plaintiff's claim for UIM benefits, Defendant acted outside the scope of its fiduciary duty to deal fairly with its insured, and has wrongfully subordinated its insured's interests to its own interests.
29. In so doing, Defendant acted arbitrarily, unreasonably, and in utmost bad faith, such actions being calculated to delay payment of a rightful claim by Plaintiff, without a reasonable or even an articulable defense or justification.
30. Defendant's actions were intentional, wantonly reckless, and/or malicious, and engaged in for the sole purpose of delay so as to break Plaintiff's will, fortitude, and self-esteem, thus impairing her capacity to endure further litigation, delay, trial, and litigation costs.
31. By way of its actions, Defendant has been unjustly enriched.
32. Defendant's refusal amounts to a failure to act in good faith to effectuate a prompt, fair, and equitable settlement in which liability and the severity of the damages are reasonably clear.
33. No debatable reason exists or existed for Defendant's refusal to pay and/or delay in paying UIM benefits to Plaintiff for the accident.
34. Defendant knowingly and/or recklessly disregarded the fact that no reasonable basis exists or existed for denying or delaying payment for Plaintiff's claim.
35. No reasonable person can conclude that Defendant acted reasonably in the investigation, evaluation, and processing of Plaintiff's claim.
36. No reasonable person can conclude that Defendant did not know or was not conscious of the fact that its conduct was unreasonable.
37. Defendant has breached its covenant of good faith and fair dealing with Plaintiff.
38. Defendant further acted in bad faith toward its insured, Plaintiff, in the handling, evaluation, and negotiation of the UIM claim by:

- a. Failing to conduct a prompt, thorough, and objective investigation into the nature, extent, and severity of Plaintiff's accident-related bodily injuries;
- b. Intentionally or recklessly ignoring uncontroverted medical documentation and objective diagnostic findings that conclusively demonstrate Plaintiff’s damages far exceed the available coverage;
- c. Leveraging its superior financial position to squeeze a vulnerable insured by offering an arbitrarily low sum that bears no rational relationship to the actual value of the claim; and
- d. Forcing Plaintiff to initiate formal federal litigation to recover first-party benefits to which she is entitled.

**WHEREFORE**, Plaintiff, Aundrello Talley, demands judgment against Defendant, State Farm, for extra-contractual damages, punitive damages, interest at the legal rate plus 3%, costs, and reasonable attorney’s fees pursuant to 42 Pa.C.S.A. § 8371, along with all other relief this Court deems just.

**COHEN & RIECHELSON**

*Kevin Riechelson*

**BY:** ______________________

Kevin S. Riechelson, Esquire
3500 Quakerbridge Road, Suite 203
Hamilton, NJ 08619
609-394-8585 (P)
609-394-8620 (F)
kriechelson@crlawoffices.com